UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAELENE BULLER,<br>                    PLAINTIFF | CIVIL ACTION NO.: 1:23-cv-517 |
| VERSUS | JUDGE: |
| AMERICAN NATIONAL GENERAL<br>INSURANCE COMPANY,<br>                    DEFENDANT | MAGISTRATE JUDGE: |

### NOTICE OF REMOVAL

American National General Insurance Company ("ANGIC"), defendant in the above captioned civil action, without waiving any of its defenses, hereby removes this civil action originally filed in the 9th Judicial District Court for the Parish of Rapides to this Honorable Court. In support of removal, ANGIC submits, as follows:

### REMOVAL IS TIMELY

1.

On or about August 25, 2022, plaintiff, Michaelene Buller, filed a Petition for Damages in the 9th Judicial District Court for the Parish of Rapides, naming ANGIC as the only defendant.

2.

ANGIC was served with the Petition for Damages through the Louisiana Secretary of State on September 14, 2022. *See* correspondence and Citation from Louisiana Secretary of State, attached hereto as **Exhibit 1.** However, the amount in controversy was not facially apparent from the allegations of the Petition.

3.

Subsequently, on March 24, 2023, ANGIC received a repair estimate from plaintiff's counsel, which indicated that the amount in controversy exceeds the $75,000.00 threshold required to remove this matter to federal court based upon federal diversity jurisdiction.  *See* email from plaintiff's counsel dated March 24, 2023, containing a link to plaintiff's document production that included the repair estimate attached hereto as **Exhibit 2**.  Because there is complete diversity between the parties and because the amount in controversy is now met, removal is timely being made within 30 days of receipt of this estimate, all as set forth below.

4.

Because the "case stated by the initial pleading [was] not removable," this Notice of Removal is timely "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

5.

ANGIC received the estimate attached hereto as **Exhibit 3** with plaintiff's document production on March 24, 2023.  *See* **Exhibit 2.**  This Notice of Removal is timely because it was filed within 30 days of ANGIC receiving the estimate, or "other paper" from which it was first ascertainable that the case is removable.

### **VENUE IS PROPER**

6.

Venue is proper in this judicial district under 28 U.S.C. § 1441(a).  This civil action is removed from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana.  For purposes of 28 U.S.C. § 1446(a), the United States District Court for the Western District of

Louisiana, Alexandria Division, "is the district court of the United States for the district and division within which such action is pending."

## REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7.

This civil action is properly removed based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1332(a), this Honorable Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." The amount in controversy for the claims presented by plaintiff exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between plaintiff and defendant.

### A. Complete Diversity Exists Between Plaintiff And Defendant

8.

In the Petition for Damages, plaintiff, Michaelene Buller, alleges she is "a person of the full age of majority and resident of Boyce, Louisiana" *See Petition for Damages* at ¶ 1. For purposes of federal diversity jurisdiction, federal courts do not equate citizenship with residence; rather, citizenship is equated with domicile. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile."); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 793, 797 (5th Cir. 2007) (when "determining diversity jurisdiction, the state where someone established his domicile serves a dual function as his state of citizenship."). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608 (1989).

9.

"Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile . . . the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile." *Stine*, 213 F.2d at 448; *see also, Preston*, 485 F.3d at 798 ("Domicile requires the demonstration of two factors: residence and the intention to remain"). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mutual Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

10.

Here, plaintiff's admissions, as well as public records, provide prima facie proof that the domicile of plaintiff, Michaelene Buller, is in the State of Louisiana. Plaintiff admits she is a resident of Boyce, Louisiana. *See Petition for Damages* at ¶ 1. She further admits that she owns the property located at 399 Pin Oak Drive, Boyce, Louisiana. *See Petition for Damages* at ¶ 5. The policy under which plaintiff is making a claim provides coverage for the "dwelling" located at the above address; the policy defines "dwelling" as "the one- or two-family house in which you reside which is used principally as a private residence…." According to the Act of Sale on the Property shortly before Hurricane Laura, Ms. Buller was domiciled in Rapides Parish. **Exhibit 4.** Further, according to the Rapides Parish Tax Assessor's records, Ms. Buller claims a homestead exemption and pays taxes in connection with the Property. **Exhibit 5** *in globo***.** For these reasons, Ms. Buller's domicile and state of citizenship is Louisiana.

11.

The Petition for Damages is silent as to ANGIC's domicile. ANGIC is an insurance company organized and existing under the laws of the State of Missouri with its principal place of

business in Springfield, Missouri. Thus, for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, ANGIC is a citizen of the State of Missouri, where it was organized and where it maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

12.

Accordingly, complete diversity exists between plaintiff, Michaelene Buller (Louisiana), and defendant, ANGIC (Missouri). Therefore, this action is properly removed based upon diversity under 28 U.S.C. §§ 1332(a) and 1441.

### B. The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interest And Costs

13.

In accordance with 28 U.S.C. § 1332(a), the amount in controversy required to establish diversity jurisdiction must exceed $75,000.00, exclusive of interest and costs.

14.

It has been established by the United States Fifth Circuit that "the removing defendant can meet its burden of proving by a preponderance of the evidence that the amount in controversy has been met by showing… that it is 'facially apparent' from the petition that the amount in controversy likely exceeds the jurisdictional amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Although the Petition is silent as to the amount in controversy, the lack of specific monetary damage alleged in the Petition does not end the inquiry into the amount in controversy—if a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also DeAguilar v. Boeing*

*Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant may either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute for a finding that the jurisdictional amount is satisfied. *Simon,* 193 F.3d at 850; *Allen,* 63 F.3d at 1335. However, as held by the United States Supreme Court, while a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," it does not need to incorporate evidence supporting that allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Here, a preponderance of the evidence shows that plaintiff's claims exceed the jurisdictional amount.

15.

ANGIC contests that any amount is owed to plaintiff and has numerous defenses to the claims presented in this lawsuit. For purposes of removal, however, this Honorable Court should look to the amount being claimed by plaintiff without reference to any potential defenses that may exist as to those claims. *See St. Paul Mercury Ind. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938) ("for the fact that it appears from the face of the complaint that a defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdiction requirement, will not justify remand."); *see also Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993).

16.

Plaintiff alleges in her *Petition for Damages* that her property located 399 Pin Oak Drive, Boyce, Louisiana ("Property") was significantly damaged by Hurricanes Laura and Delta on August 27, 2020 and October 9, 2020, respectively. *Petition for Damages* at ¶¶ 7, 8 and 11. Plaintiff now has provided a public adjuster's estimate in the amount of $100,996.40 (RCV) for damage to the Dwelling and $3,014.13 for damage to Other Structures. ANGIC previously paid

$14,770.13 for damage to the Dwelling. Thus, even after application of the $1,000.00 deductible and the prior payment, plaintiff is claiming that there is damage to the Dwelling in the amount of $85,226.27 and to Other Structures in the amount of $3,014.13, which is above the $75,000.00 threshold for diversity jurisdiction.

17.

Plaintiff also alleges purported violations of LSA-R.S. §§ 22:1892 and 22:1973 that ostensibly entitle plaintiff to statutory penalties and attorney's fees. *Petition* at ¶¶ 17-19, 27-28 and 34-40.

18.

Because plaintiff is claiming entitlement to statutory penalties and attorneys' fees for ANGIC's alleged arbitrary and capricious acts, this Honorable Court should consider potential recovery for statutory penalties in determining the amount in controversy for the purpose of diversity jurisdiction. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Gelvin v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1354855 (E.D. La. 2012); *Vizzini v. Amy Falcon Ins. Agency, Inc.*, 2008 WL 686890 (E.D. La. 2008).

19.

Plaintiff is seeking approximately $88,240.40, which is the amount of plaintiff's adjuster's estimate less the deductible and prior payments made by ANGIC. This amount is above the $75,000 jurisdictional minimum. Plaintiff also is seeking penalties and attorney's fees under LSA-R.S. § 22:1892, which amounts are in addition to the amount of loss. LSA-R.S. § 22:1892 provides a mandatory penalty of "fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." LSA-R.S. § 22:1892. Louisiana and federal courts have recognized that the customary fees for a claim of this type is a

contingency fee of 33% applied to the amount recovered, although some courts have awarded higher percentages. *See, generally, Doyle v. Allstate Insurance Co.*, 2006 WL 3916579 (W.D. La.2006); *Dixon v. First Premium Ins. Group*, 934 So. 2d 134 (La.App. 1st Cir. 2006) (awarding as much as $25,000 in fees on a $19,000 homeowner's insurance claim); Francis *v. Travelers Ins. Co.*, 581 So. 2d 1036 (La.App. 1st Cir.1991) (attorneys' fees premised on a 1/3 contingency fee agreement); *Gelvin v. State Farm Mutual Automobile Insurance Company*, 2012 WL 1354855, *3 (E.D.La.2012) (potential award of attorney's fees under LSA-R.S. § 22:1892 based on a 40% contingency fee on the full amount of the potential award of damages and penalties).

20.

Accordingly, at a minimum, the amount in controversy is $132,360.60, which is exclusive of interest, costs and attorney's fees, and which amount does not include the unspecified amounts for alleged diminution in value and/or other damages claimed in plaintiff's *Petition for Damages*.

21.

Removal is permitted where the facts in dispute support a finding that the claims presented exceed the jurisdictional amount. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Considering the foregoing allegations in plaintiff's *Petition for Damages* against ANGIC with regard to the claims under the alleged policy, penalties and attorney fees, as well as the recently provided estimate, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22.

Considering the above, complete diversity exists between plaintiff and defendant. The amount in controversy for the claims presented by plaintiff exceeds $75,000.00, exclusive of

interest and costs. This Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §§ 1332(a) and 1441(a).

23.

Attached hereto as **Exhibit 6** are pleadings filed into the record of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, in accordance with 28 U.S.C. § 1446(a). After the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of Court for the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, as provided by law.

**WHEREFORE**, defendant, American National General Insurance Company, hereby removes this civil action to this Honorable Court and requests that jurisdiction be assumed over all the claims made in this civil action, and that this civil action be maintained in the United States District Court for the Western District of Louisiana, Alexandria Division.

Respectfully submitted,

**LARZELERE PICOU WELLS  
 SIMPSON LONERO, LLC**  
Suite 500 - Two Lakeway Center  
3850 N. Causeway Boulevard  
Metairie, LA 70002  
Telephone: (504) 834-6500  
Fax: (504) 834-6565  

BY: */s/ Angie Arceneaux Akers*  
**JAY M. LONERO, T.A. (No. 20642)**  
 **jlonero@lpwsl.com**  
**ANGIE ARCENEAUX AKERS (No. 26786)**  
 **aakers@lpwsl.com**  
**LARA J. JENSEN (No. 24131)**  
 **ljensen@lpwsl.com**  

**ATTORNEYS FOR AMERICAN NATIONAL GENERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Angie Arceneaux Akers*